**SWANSON v. BATES et al.**

No. 3662.

United States Court of Appeals Tenth Circuit.

Nov. 1, 1948.

W. F. Semple, of Tulsa, Okl., and R. M. Rainey, of Oklahoma City, Okl. (Rainey, Flynn, Green & Anderson, of Oklahoma City, Okl., on the brief), for appellant.

R. M. Mountcastle, of Muskogee, Okl. (George W. Leopold, of Muskogee, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Dorothy Evalyn Swanson brought this action against Carl K. Bates, Mary Kimmel, Mary Severs Owen, Muskogee Welfare Association, and the United States Fidelity and Guaranty Company [1] and prayed for the removal of Bates, as trustee of a testamentary trust created by the will of Annie S. Cook, deceased, for an accounting by Bates, as trustee, for a construction of the provisions of the will, and for the fixing of definite sums to be paid to Swanson as a beneficiary under the trust.

Cook died October 25, 1937, leaving a last will and testament. It was admitted to probate in the county court of Muskogee County, Oklahoma, November 16, 1937.

The will created a testamentary trust and named I. H. Mertz as trustee. Swanson is the sole surviving life tenant and beneficiary under the trust. Mary Kimmel, Mary Severs Owen, and the Muskogee Welfare Association are remaindermen. On April 27, 1940, an order was entered in a proceeding in the district court of Muskogee County, removing Mertz as trustee and appointing Bates as successor trustee. Bates thereafter qualified and since then has been the duly appointed, qualified, and acting trustee.

On October 6, 1942, the county court of Muskogee County approved the final report of the administrator with the will annexed, entered a final decree of distribution, and distributed all the assets of the estate to Bates, as trustee. Since October 7, 1942, Bates has been in possession and control of such assets.

Bates, as trustee, filed his annual reports on October 7, 1943, October 25, 1944, and March 20, 1946, respectively. He filed a supplemental report on August 8, 1945. All of such reports were set for hearing, due notice was given to all parties in interest, including Swanson, and, after a full and complete hearing, each report was approved by the district court of Muskogee County.

The fourth annual report of the trustee, covering his accounts and doings from January 1, 1946, to December 31, 1946, inclusive, application for audit of the trust account, petition for approval of report, and application for continuance of trustee's compensation and attorney's fees were filed in the district court of Muskogee County on April 3, 1947. On that date, the state

---

[1] The surety on the bond of Bates as trustee.

court set the matters for hearing on May 28, 1947, and ordered that exceptions be filed on or before May 21, 1947. Notice thereof was duly served upon all the parties in interest, including Swanson. Thereafter, Swanson appeared by her counsel and filed a protest to the approval of the fourth annual report on the grounds (a) that the commission of the trustee for the year 1946, fixed at $12,000, was excessive; (b) that the amount paid by the trustee to his attorney for the year 1946, in the sum of $5,000, was excessive; (c) that the amount paid to the protestant as sole surviving beneficiary was an unfair and inequitable share of the income of the estate; and (d) that the amount paid for repairs and betterments of the estate was in excess of what should be a fair allocation for such purposes and operated to deprive the life beneficiary of current income to which she was entitled. The hearing on the fourth annual report and the other matters was continued from time to time to July 23, 1947. On that date, Swanson appeared and asked that the hearing be continued to September 17, 1947. The hearing was so continued. On the following day, July 24, Swanson commenced the instant action.

The fourth annual report and other matters came on for hearing in the state court. Counsel for Swanson withdrew the third and fourth grounds of protest. The state court took the matters under advisement; and the proceedings in the state court were pending at the time the instant case was heard and the judgment therein entered.

Bates and the Muskogee Welfare Association filed a motion to dismiss the instant action on the ground, among others, that the proceedings pending in the district court of Muskogee County gave that court exclusive jurisdiction of the subject-matter.

From a judgment sustaining the motion and dismissing the action, Swanson has appealed.

Oklahoma enacted the Oklahoma Trust Act in 1941. 60 Okl.St.Ann., §§ 175.1 to 175.53, inclusive.

Section 175.23 in part provides:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in rem."

Section 175.39 in part provides:

"Trustees having violated or attempted to violate any express trust, * * * or for other causes, in the discretion of the court having jurisdiction, may, on petition of any person interested, after hearing, be removed by such court * * *."

Section 175.53 provides that the "terms of" the Act shall apply to trusts entered into subsequent to the effective date of the Act and to wills of testators dying subsequent to the effective date of the Act, and to "all other wills and trust agreements * * * in so far as such terms do not impair the obligation of contract or deprive persons of property without due process of law under the Constitution of the State of Oklahoma or the United States of America."

■ The provisions of §§ 175.23 and 175.39 do not deprive any person of any substantive right under the testamentary trust. At most, they provide new remedies.

■■ A state may change methods of procedure, or substitute one remedy for another.[2] It is free to "choose the remedy best adapted, in the legislative judgment, to protect the interests concerned, provided its choice is not unreasonable or arbitrary, and the procedure it adopts satisfies the constitutional requirements of reasonable notice and opportunity to be heard."[3]

■ No one has a vested right in a given mode of procedure and so long as a sub-

---

[2] In re Sparrow, 338 Mo. 203, 90 S.W. 2d 401, 403.

[3] Hardware Dealers' Mutual Fire Ins. Co. v. Glidden Co., 284 U.S. 151, 158, 52 S.Ct. 69, 71, 76 L.Ed. 214.

stantial and efficient remedy is provided, due process of law is not denied by a change in remedy.[4]

Upon the filing of the fourth annual report and the applications filed in connection therewith, the jurisdiction of the district court of Muskogee County attached. Those proceedings were quasi in rem, and, so long as they pended, they gave to the state court exclusive jurisdiction over the trust estate, and the court below was without jurisdiction to grant the relief prayed for in the instant action.[5]

Affirmed.

[4] Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 66 L.Ed. 514; Oshkosh Waterworks Co. v. Oshkosh, 187 U.S. 437, 439, 23 S.Ct. 234, 47 L.Ed. 249.

[5] Princess Lida v. Thompson, 305 U.S. 456, 462–468, 59 S.Ct. 275, 83 L.Ed. 285.