**Gerald R. EWALD and Florence R. Ewald, Appellants,**

v.

**CITIZENS FIDELITY BANK AND TRUST CO., Inter Vivos Trustee for Sterling D. Ewald, Deceased,**

**Citizens Fidelity Bank and Trust Co., Statutory Committee for Sterling D. Ewald, Deceased,**

**Citizens Fidelity Bank and Trust Co., Executor of the Estate of Sterling D. Ewald, Deceased, and**

**Citizens Fidelity Bank and Trust Co., as a Corporate Individual, Appellees.**

**No. 12870.**

United States Court of Appeals Sixth Circuit.

Feb. 13, 1957.

---

2. See 17 L.P.R.A. §§ 193, 202.

**320**

Edward A. Dodd, Louisville, Ky. (Raymond C. Stephenson, Louisville, Ky., on the brief), for appellants.

Nelson Helm, Louisville, Ky. (Thomas W. Bullitt, Louisville, Ky., on the brief), for appellees.

Before SIMONS, Chief Judge, and STEPHENS and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Gerald R. Ewald and Florence R. Ewald filed suit in the district court setting forth that appellee, Citizens Fidelity Bank and Trust Co., in its various capacities as a fiduciary, had violated the trusts imposed upon it, and, accordingly,

asked the court to investigate such breach of trust and order an accounting. On motion of the appellee, the district court dismissed the complaint.

The background of the case is as follows: On October 29, 1935, Sterling D. Ewald executed an *inter vivos* trust agreement conveying most of his personal estate to appellee Company, as trustee. The agreement, insofar as relevant to this case, provided for payments from the trust fund to appellants, Florence R. Ewald and Gerald R. Ewald, the wife and son respectively of Sterling D. Ewald, the trustor. Shortly after executing the trust, Mr. Ewald became mentally incompetent. He died on July 31, 1955; and the property of the trust was then transferred by the Citizens Fidelity Bank and Trust Co. as *inter vivos* trustee to itself in the capacity of executor of the estate of Sterling D. Ewald, Deceased. Appellants are the beneficiaries of that estate and it is agreed that they have the right to prosecute claims for mismanagement of the trust, here in question.

Prior to the death of Mr. Ewald, the Citizens Fidelity Bank and Trust Co. had filed periodical settlements with the Jefferson County Circuit Court of Kentucky, covering its administration of the *inter vivos* trust for the years 1935 to 1950 inclusive. On November 27, 1953, and on March 24, 1955 appellee trust company filed its sixth and seventh settlements in the Jefferson County circuit court as trustee of the *inter vivos* trust.

On August 1, 1955, the day after the death of Mr. Ewald, appellants filed objections and exceptions in the Jefferson County circuit court, in the form of an answer to the last two settlements of the trust company of the *inter vivos* trust, in which they sought to hold the company liable, and to surcharge its accounts for certain taxes and interest on taxes paid out of the trust, and for certain other alleged wrongful acts. They also prayed that the court would require a general accounting of the trustee's affairs.

After appellants had filed their answer on August 1, 1955 in the Jefferson County circuit court, which, as heretofore

mentioned, comprised their objections and exceptions to the last two settlements of the trust company of the *inter vivos* trust, they filed, on January 17, 1956, in the United States District Court for the Western District of Kentucky, a complaint against the trust company in which they presented every claim which they were already asserting in the state court in the proceedings which were then pending. While the Citizens Fidelity Bank and Trust Co. is here sued in various capacities, it is a party, in all those capacities, in the prior litigation in the state court. The acts of which complaint is made, appear in the trust company's settlements as *inter vivos* trustee; and the liability asserted in both the state court proceedings and in the federal court suit is to require the trustee to make restitution from its own funds.

The district court dismissed appellants' complaint for the reason that it raised issues that involved the manner in which the trust property of appellants had been, and was being, administered by the trust company in its fiduciary capacities and that, under such circumstances, and in accordance with the authority of Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 280, 83 L.Ed. 285, the district court had no jurisdiction.

In the Princess Lida case, the trust res and administration were pending in a state court. The plaintiffs, however, brought an action in the federal district court charging the trustee with mismanagement; seeking an accounting; requesting the removal of the trustee; and praying the court to compel him to restore funds lost to the trust through the alleged mismanagement. The Supreme Court decided, however, that under the circumstances, the federal court had no jurisdiction and in so holding observed that "it is settled that where a judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them

which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. The doctrine is necessary to the harmonious cooperation of federal and state tribunals. While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus."

In the instant case, appellants' contentions are addressed solely to the administration of the estate and to the restoration of the corpus. Concededly a different rule is applicable where an adjudication is sought of a party's right or interest in funds held by persons in fiduciary capacities. But such an issue is not before us in this case.

Moreover, here, not only was the administration of the estate pending in the state court at the time that appellants filed their complaint in the district court, but, in addition, they had already joined in litigating the same issues that they have subsequently raised in the district

court case. Under such circumstances the state court had exclusive jurisdiction, and the federal court had no right to interfere with the pending litigation. See Swanson v. Bates, 10 Cir., 170 F.2d 648; Gillis v. Keystone Mutual Casualty Co., 6 Cir., 172 F.2d 826, 11 A.L.R.2d 455.

In accordance with the foregoing, the order of the district court dismissing the complaint is affirmed.