Ira B. MILLER, Individually and as Administrator with the Will Annexed of the estate of F. A. Miller, Deceased, Plaintiff-Appellant,

v.

E. E. MILLER and Joetyne M. Wright, Defendants-Appellees.

No. 537–69.

United States Court of Appeals, Tenth Circuit.

March 17, 1970.

**146**

Charles C. Spann, of Grantham, Spann, Sanchez & Rager, Albuquerque, N. M., for appellant.

R. C. Garland, Las Cruces, N. M. (Sam Laughlin, Jr., Roswell, N. M., and Garland, Martin & Martin, Las Cruces, N. M., on the brief), for appellees.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

The family fight of the Millers over the property of decedent F. A. Miller continues unabated. The diversity action before us was brought by Ira B. Miller, a son and devisee and also administrator with the will annexed of the decedent's estate. The defendants-appellees are another son, E. E. Miller, and his daughter, Joetyne Miller Wright. The action seeks the cancellation of a deed and a declaratory judgment to determine the validity of any agreement for the conveyance of the land covered by the deed. The trial court dismissed the action on the motion of the defendants. An understanding of the issues requires a review of the pertinent facts.

Decedent died in 1965 leaving substantial property in New Mexico. A 1946 will was admitted to probate. See Galvan v. Miller, 79 N.M. 540, 445 P.2d 961. This will devised the land to Ira. E. E. and Joetyne claimed the land under a 1961 deed. The United States District Court for the District of New Mexico cancelled the deed because of lack of an unconditional delivery and because it was an attempt to make a testamentary disposition contrary to New Mexico law. We affirmed. See Miller v. Miller, 10 Cir., 406 F.2d 590.

E. E. and Joetyne, in January, 1969, brought suit against Ira and others in New Mexico state court. The action asserts two claims. The first seeks to quiet title to the land on the grounds of both a 1955 deed and adverse possession. The second is for the specific performance of an agreement to convey the land. Ira removed the action to federal court. E. E. and Joetyne moved to remand because of lack of diversity and untimely filing of the removal petition. On June 19, 1969, the federal court remanded the case without giving any reasons.

On July 7, 1969, Ira brought, against E. E. and Joetyne, the case with which we are concerned. They moved to dismiss on the grounds that the claim relating to the cancellation of the deed was for exclusive determination by the state court in their previously filed suit and that the claim for declaratory judgment was an effort to circumvent the remand of that suit. The trial court granted the motion and dismissed, again without stating any reasons.

■■ The first of the two problems presented is whether the federal claim for deed cancellation must be dismissed because of the pendency of the quiet title claim in the state action. The general rule is that in personam actions involving the same issues may proceed simultaneously in federal and state courts, but that where the actions are in rem the court, be it federal or state, which first acquires jurisdiction has the exclusive right to determine the controversy. Donovan v. City of Dallas, 377 U.S. 408,

412, 84 S.Ct. 1579, 12 L.Ed.2d 409; Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 465–467, 59 S. Ct. 275, 83 L.Ed. 285; and Hyde Construction Company v. Koehring Company, 10 Cir., 388 F.2d 501, 508, cert. denied 391 U.S. 905, 88 S.Ct. 1654, 20 L. Ed.2d 419. When the action is in rem, a court either has possession of the property in dispute or must effectively control it to grant the relief sought. Because only one court may exercise such possession or control, the court which first obtains jurisdiction over the property exercises it to the exclusion of any other court. Princess Lida of Thurn and Taxis, supra, 305 U.S. at 466, 59 S.Ct. 275. In the case at bar, neither court took possession of the property.

■ For whatever importance should be given the labels identifying the actions, we note that an action for the cancellation of an instrument is an in personam action both under federal law, Harnischfeger Sales Corporation v. National Life Ins. Co., 7 Cir., 72 F.2d 921, 924, and Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223, 226, cert. denied 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434, and under New Mexico law, State ex rel. Truitt v. District Court of Ninth Judicial District, 44 N.M. 16, 96 P.2d 710, 714–715, 126 A.L.R. 651.

■ New Mexico has held that a quiet title action is in personam. Ibid.; cf. State ex rel. Hill v. District Court of Eighth Judicial District, 79 N.M. 33, 439 P.2d 551, 553. See also N.M.Stat. Ann., 1953 Comp. § 22–14–9 which provides that quiet title actions are equitable. In Harlan v. Sparks, 10 Cir., 125 F.2d 502, 507, we said that a New Mexico quiet title action is essentially one in equity. The general rule is that a court of equity, without the aid of legislation enlarging its powers, acts in personam.

■ Although each action may be labeled as in personam and although neither court took possession of the land, we have the question of whether the state court has, or in order to grant the relief requested must have, control over the same res which the federal court would have to control in order to grant the relief sought from it. If this is the case, the rationale underlying the rule would require dismissal of the federal action. See United States v. Bank of New York & Trust Company, 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331.

The first claim of the state action seeks to quiet title on the basis of the 1955 deed and on adverse possession. It will determine whether Ira, or E. E. and Joetyne, have title to the land. This result may depend on the 1955 deed or on adverse possession or on both. The first federal claim will determine only the validity of the 1955 deed. In any event, the validity of that deed is the prime issue in each case.

■ The federal court judgment when entered will act in personam on the parties before it. The possession of the land will not be affected. If the federal judgment comes first, it may operate as a defense of res judicata or collateral estoppel in the state action. If the state judgment comes first, it may have a similar effect on the federal action. These possible results do not oust the federal court of jurisdiction. See Kline v. Burke Construction Co., 260 U. S. 226, 233, 43 S.Ct. 79, 67 L.Ed. 226. The case at bar is not like United States v. Bank of New York & Trust Company, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. There the object of the federal suit was to take personal property from a depositary and from the control of the state court and to vest it in the United States to the exclusion of those whose claims were being adjudicated in the state court. Ibid. at 478, 56 S.Ct. 343, 80 L. Ed. 331. Here, the federal action takes possession or control of no res. It determines personal rights under a written instrument. Because there can be no conflict with the state court over the control of a res, we conclude that the federal court was not barred from taking jurisdiction over the claim for cancellation of the 1955 deed.

■ The question remains whether the federal court is obliged to take

such jurisdiction or whether in the exercise of its discretion it could, or should, abstain. Diversity of citizenship and presence of the jurisdictional amount are conceded. When federal jurisdiction is properly invoked, it is ordinarily the duty of the federal court to determine the merits of the controversy. Allegheny County v. Mashuda Co., 360 U.S. 185, 188–189, 79 S.Ct. 1060, 3 L.Ed.2d 1163. Abstention is proper "only in narrowly limited 'special circumstances,'" Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444, citing Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480. Difficulty of decision is not enough in itself. Meredith v. Winter Haven, 320 U.S. 228, 236, 64 S.Ct. 7, 88 L.Ed. 9; cf. Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 27, 79 S.Ct. 1070, 3 L.Ed.2d 1058. Federal courts may abstain if "a federal constitutional issue * * * might be mooted or presented in a different posture by a state court determination of pertinent state law." Allegheny County, supra, 360 U.S. 185, at 189, 79 S.Ct. 1060, at 1063. Absention is proper when the exercise of federal jurisdiction might unnecessarily interfere with federal-state relations, see, e. g., Burford v. Sun Oil Co., 319 U.S. 315, 318, 63 S.Ct. 1098, 87 L.Ed. 1424, or where "the nub of the whole controversy may be the state constitution," Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68.

The case at bar presents no reasons for abstention. There are no constitutional questions, either federal or state. Although the ruling of the federal court on the validity of the deed might be decisive of that issue in the state court, this possibility does not threaten to disrupt federal-state relations. See Allegheny County, supra, 360

U.S. 185, at 189–190, 79 S.Ct. 1060, 3 L.Ed.2d 1163; and see also Banco Nacional de Cuba v. Sabbatino, 2 Cir., 307 F.2d 845, 854, reversed on other grounds, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804. The action was properly brought in federal court and the plaintiff had a right granted by Congress to have the federal court decide the issue of the validity of the 1955 deed. See Donovan v. City of Dallas, 377 U.S. 408, 413, 84 S.Ct. 1579, 12 L.Ed.2d 409. The trial court should not have dismissed the claim seeking the cancellation of that deed.

The second claim in the action before us is for a declaratory judgment to invalidate any agreement allegedly made by the decedent to convey the land to E. E. and Joetyne. The state court action sought specific performance of such an agreement. Federal courts are under no compulsion to exercise jurisdiction over suits brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, see Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620, and should decline to exercise diversity jurisdiction over a declaratory judgment action raising state law issues which are being presented contemporaneously to state courts. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 126, 88 S.Ct. 733, 19 L.Ed.2d 936. In the circumstances the trial court did not abuse its discretion in dismissing the declaratory judgment claim. Duggins v. Hunt, 10 Cir., 323 F.2d 746, 748.

The judgment is reversed to the extent that it dismissed the claim for deed cancellation and is affirmed in its dismissal of the claim for declaratory judgment. The case is remanded for further proceedings consistent with this opinion. The costs shall be divided equally.