**STEWART SECURITIES CORPORATION et al., Plaintiffs,**

v.

**GUARANTY TRUST COMPANY, Defendant.**

Civ. No. 74–1039–D.

United States District Court,
W. D. Oklahoma.

March 12, 1975.

**1070**

. Scheeline & Leopold, Altoona, Pa., Joel L. Wohlgemuth, Tulsa, Okl., for plaintiffs.

Charles A. Johnson, Ponca City, Okl., William G. Paul, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

In this diversity action Plaintiffs allege that they are the purchasers of certain revenue bonds issued by the Claremore Industrial Authority (CIA). Plaintiffs allege that Defendant, Guaranty Trust Company, is the successor to Security First Trust Company (Security). Security entered into a contract with CIA entitled "Indenture of Mortgage and Trust, Security Agreement and Assignment of Rentals" (Indenture), whereby it became Trustee under the Indenture. CIA entered into a lease agreement with Dasee, Inc. (Dasee) whereby Dasee was to lease certain facilities to be built with the proceeds of a bond issue. The bond issue was sold to Plaintiffs. The proceeds were disbursed. Dasee then defaulted on its lease agreement. Defendant commenced an action in the District Court of Rogers County, State of Oklahoma, to supervise the administration of the CIA, to approve the disposition of certain real and personal property in its hands as Trustee and to approve the pro rata distribution to the bondholders of the pro-

ceeds of the disposition of said property. As a result of this action, upon return of said revenue bonds to the Trustee, bondholders received a return of less than thirty cents on each dollar of their investment.

Plaintiffs allege two causes of action against Defendant arising out of these facts. For their first cause of action Plaintiffs state that through the execution of the Indenture Defendant became Trustee. That as Trustee Defendant had the duties to enforce the above-mentioned lease agreement, the duty to determine prior to the disbursement of the bond proceeds, whether Dasee had a reasonable chance of success in its business, to determine whether Dasee would apply the revenue bond proceeds for their appointed purposes, and the duty to monitor the application of the bond proceeds after their disbursement, and that Defendant breached each of these duties. Plaintiffs also state in their first cause of action, that they were third party beneficiaries of the above-mentioned Indenture and lease.

For their second cause of action Plaintiffs allege that Defendant was Trustee under the Indenture and that they were the beneficiaries of the trust. As Trustee Defendant stood in a fiduciary relationship to them. That Defendant breached its fudiciary duty owed them by not enforcing the above-mentioned lease agreement, by not monitoring the application of the proceeds once disbursed, and through a general lack of care.

Defendant has filed herein a Motion to Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure. With regard to Plaintiffs' first cause of action it is Defendant's position that this Court lacks subject matter jurisdiction to hear the cause of action. With regard to Plaintiffs' second cause of action it is Defendant's position that the applicable statute of limitations has expired, and that this defect is apparent on the face of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

It is Defendant's position that Plaintiffs' first cause of action is essentially an action to surcharge a trustee for mismanagement of a trust estate.[1] That such an action is, under the applicable Oklahoma Law, an action in rem. That the State District Court of Rogers County, Oklahoma, has acquired prior in rem jurisdiction over the trust estate. Therefore, said State Court has exclusive jurisdiction over this cause of action. Defendant's Motion is opposed by Plaintiffs. It is their position that this cause of action is an action to surcharge a trustee and not to establish a claim to a trust res in the hands of a State Court; that this action is in personam, therefore, not in conflict with the State in rem action. And that this Court may not decline to exercise its properly envoked jurisdiction.

It is a fundamental principle of jurisdiction in the Federal system that both Federal and State Courts of competent jurisdiction may entertain the same in personam cause of action concurrently, or at least until such time as judgment is obtained in one which may be set up as res judicata in the other. On the other hand, in actions in rem or quasi in rem in which to exercise jurisdiction a court must control the res of the suit, as between Federal and State Courts having concurrent jurisdiction over the subject matter of the suit, the Court which first acquires jurisdiction may maintain it to the exclusion of the other. Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); Donovan v. Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409

---

1. Plaintiffs in their Response to Motion to Dismiss (p. 1072) agree that their first cause of action is essentially an action to surcharge a trustee.

(1964). In Princess Lida v. Thompson, *supra*, the Court stated:

". . . We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property." 305 U.S. at 466, 59 S.Ct. at 280, 83 L. Ed. 291.

In Princess Lida v. Thompson, *supra*, the trustees of an express trust filed an account in the Pennsylvania Common Pleas Court. In such an action the Pennsylvania Court had the jurisdiction to, among other things, surcharge the trustee for mismanagement of the trust estate. The Supreme Court held the filing of the account by the trustees vested exclusive jurisdiction in the Court of Common Pleas and the trust beneficiaries could not bring a subsequent action in United States District Court based on matters over which the Pennsylvania Court had jurisdiction.

60 Oklahoma Statutes § 175.23 reads, in part, as follows:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in rem."

In Swanson v. Bates, 170 F.2d 648 (Tenth Cir. 1948) the application of this Statute to a situation similar to the situation herein presented was considered. The trustees of a testamentary trust filed an annual report, application for audit of the trust account, petition for approval of report, and application for continuance of trustees compensation and attorney's fees in the District Court of Muskogee County, State of Oklahoma. Swanson filed exceptions in the State Court action. Swanson then filed an action in the United States District Court for an accounting and the removal of a trustee and other relief. The District Court dismissed the action on the grounds that the State Court had acquired exclusive jurisdiction. On appeal the Tenth Circuit held:

"Upon the filing of the fourth annual report and the applications filed in connection therewith, the jurisdiction of the district court of Muskogee County attached. Those proceedings were quasi in rem, and, so long as they pended, they gave to the state court exclusive jurisdiction over the trust estate, and the court below was without jurisdiction to grant the relief prayed for in the instant action." 170 F.2d 651.

Defendant has attached certain matters outside the pleadings to its Motion to Dismiss for lack of subject matter jurisdiction which matters may be considered by the Court in deciding the Motion. 5 Federal Practice and Procedure, Wright & Miller, 1350. These matters include a copy of the Petition filed by the Defendant herein in the above-mentioned State Court action, and a copy of an order entered by the Rogers County State District Court pursuant thereto. In the prayer of the State Court Petition Defendant herein (plaintiff there) requested that the State Court assume supervisory jurisdiction of that portion of the trust estate of the CIA held by it, conduct a hearing on the merits of the case, approve the disposition of the trust property held by Defendant, approve the pro rata distribution of the proceeds to

the bond holders, and approve fees for the trustee and his attorney.

Pursuant to this Petition the State Court entered an order, dated May 9, 1974, wherein it found that it had jurisdiction to construe any trust agreement and oversee such trust pursuant to 60 Oklahoma Statutes § 175.23; that it had the power to determine the method of distribution of the proceeds of the sale of the trust assets; that said proceeds should be distributed equally on a pro rata basis to the bondholders; that the trustee and its attorney should be paid a fee, and that it would continue to have jurisdiction until all proceeds had been distributed.

The proceeds of the sale of the trust property covered by the above-described order have not been completely distributed to the bondholders. Plaintiffs' Complaint herein shows that several bondholders have not turned in their bonds and received their share of the proceeds.[2] Therefore the State Court continues to have jurisdiction over the res of the trust. The jurisdiction of the State Court precludes this Court's jurisdiction. Plaintiffs' first cause of action is one to surcharge the trustee. This is in effect an action to restore a trust res. The res being in the hands of the State Court, it would be an interference with that Court's jurisdiction for this Court to hear Plaintiffs' action to restore the res. Also it would be impossible to distinguish this situation from the situations presented in Princess Lida v. Thompson, *supra,* and Swanson v. Bates, *supra.* In each of those cases a State Court had jurisdiction of a trust res. In each case an action to surcharge the trustee could have been maintained in the State Court having jurisdiction over the res. And in each case it was held that the State Court had jurisdiction to the exclusion of a subsequent federal action to surcharge the trustee. Therefore Defendant's Motion To Dismiss Plaintiffs' first cause of action should be sustained.

## SECOND CAUSE OF ACTION

Although Defendant has not raised the point, it is apparent that Plaintiffs' second cause of action is but a reiteration of their first cause of action in different terms, and that the second cause of action should be dismissed for the same reasons as the first. The second cause of action is couched in terms of a breach of fiduciary[3] duty. The fiduciary duty which is alleged to have been breached is alleged to have arisen as a result of the trust relationship created by the aforementioned Indenture. The Indenture is also the instrument which allegedly gave rise to the trust relationship which was the basis of Plaintiffs' first cause of action. Thus the two causes of action are based on the same trust relationship created by the same instrument. The two trust duties which are the basis of Plaintiffs' two causes of action are the same duties. One duty cannot be given two names to form two causes of action. Therefore, the State Court's exclusive jurisdiction over Plaintiffs' first cause of action is tantamount to exclusive jurisdiction over

---

2. Defendant has submitted a Reply to Response to Motion To Dismiss. Attached to this brief is a copy of the Docket Sheet of the State action. This Docket Sheet shows that no final disposition of the case has been made.

3. The word "fiduciary" as a noun means one who holds a thing in trust for another as a trustee. 36A C.J.S. Fiduciary. The term "fiduciary" is defined by the Oklahoma Banking Code of 1965 as follows:

"H. *'Fiduciary' means original or successor trustee of an expressed or implied trust,* including but not limited to a resulting or constructive trust, special administrator, executor, administrator, administrator c. t. a., guardian, guardian-trustee or conservator for a minor or other incompetent person, receiver, trustee in bankruptcy, assignee for creditors, *or any holder of a similar position of trust acting alone or with others."* (Emphasis added)

Plaintiffs' second cause of action. The second cause of action should be dismissed for the same reasons as require the dismissal of the first cause of action. With this conclusion the Court need not treat with the limitations question.