The SOUTHWESTERN BANK & TRUST COMPANY OF OKLAHOMA CITY, Appellant,

v.

METCALF STATE BANK, Appellee.

STEWART SECURITIES, Appellant,

v.

METCALF STATE BANK, Appellee.

Nos. 74–1619, 74–1620.

United States Court of Appeals, Tenth Circuit.

Oct. 31, 1975.

Rehearing Denied Dec. 10, 1975.

Joel L. Wohlgemuth, of Rizley, Prichard, Ford, Norman & Reed, Tulsa, Okl. (David L. Wolfe, Jr., Oklahoma City, Okl., with him on the brief), for appellants.

John M. Imel, of Martin, Logan, Moyers, Martin & Conway, Tulsa, Okl. (Paul Johanning, of Hirsh, Johanning & Hudson, Oklahoma City, Okl., and Bill R. Scarth, of Bassmann, Gordon, Mayberry & Scarth, Claremore, Okl., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Appellants, Southwestern Bank & Trust Company of Oklahoma City, an Oklahoma corporation, and Stewart Securities, Inc., a Florida corporation, appeal from the dismissal of their action against Metcalf State Bank, a Kansas corporation, for breach of contract and breach of fiduciary duty.

The lawsuit arose out of the issuance of industrial development revenue bonds by the Claremore Industrial Authority of Claremore, Oklahoma. Appellants Southwestern and Stewart are the holders of bonds so issued.

The bond proceeds under the plan, and statutory authority, were to be used to construct a plant in Claremore for the manufacture and assembly of electronic components. Advance Gas Survey, Inc. entered into an agreement with the Claremore Industrial Authority to lease the facility. Metcalf State Bank was to act as trustee pursuant to a mortgage indenture and trust agreement with the Claremore Industrial Authority relative to this issue of bonds. The bank's duty as trustee under the indenture, and related undertakings, pertained to the use of the proceeds of the sale of bonds and also included the enforcement of the lease agreement between the Industrial Authority and the lessee, Advance Gas Survey, Inc. for the benefit of the bondholders. The rentals were to service and retire the bonds.

In 1972, the lessee defaulted on its obligation to pay rent, and apparently no prospect existed for future payments. Thus a suit was started in the State District Court of Rogers County, Oklahoma (Case No. C–72–292) by the Claremore Industrial Authority and the Metcalf State Bank to liquidate the property subject to the trust. The bondholders were named in that action including, of course, the parties to this appeal. The state suit was apparently brought pursuant to 60 O.S.A. § 175.23 and is still pending.

While the state action was pending, the plaintiff bondholders began this suit in the federal court seeking damages against the trustee, the Metcalf State Bank, for its failure to properly perform its duties as trustee.

Plaintiff, Security State Bank of Wewoka, and an individual intervening bondholder, Billie F. Gaither, have not appealed.

The trial court sustained the motion of defendant to dismiss, finding that the Oklahoma court had in rem jurisdiction under 60 O.S.A. § 175.23 (1971) over all causes relating to the trust. The statute in part provides:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; *and all actions hereunder are declared to be proceedings in rem.*" (Emphasis added).

The trial court in sustaining the motion to dismiss also relied upon *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285, wherein the Court said:

". . . [I]t is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent juris-

diction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other."

The trial court thus found that this action and the state action were in rem and so dismissed.

Appellee here argues that the district court had jurisdiction of this suit, as it is in personam, and the state statute does not change its character.

■■■ Concurrent jurisdiction of state and federal courts is not possible where the actions are of such a nature as to require possession or control of the subject matter in order to grant the relief requested; *i. e.,* in rem actions. *Markham v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256; *Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; *Miller v. Miller,* 423 F.2d 145 (10th Cir.). 60 O.S.A. § 175.23, quoted in part above, characterizes any action brought under that section as an action in rem. Such a designation by statute does not make such a suit in rem which is not in fact of such nature. Thus the state suit must be examined with this in view. It seeks to have the court administer the trust, liquidate the property held by the trustee, and make distribution of the proceeds to the bondholders. One of the intervening parties in this action seeks in the state suit an accounting of the trustee. It is apparent that the state court has complete control over the res, and this is necessary in order to carry out the liquidation provided for in the state statute. Also the state court has jurisdiction over the trustee, as an integral part of the liquidation, to require the performance of its duties including an accounting.

■■■ The state suit is clearly in rem, but what is the nature of the federal action here on appeal? Some case law has referred to a general class of actions for administration of trusts as being actions in rem. *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; *Swanson v. Bates,* 170 F.2d 648 (10th Cir.); *Ewald v. Citizens Fidelity Bank & Trust Co.,* 242 F.2d 319 (6th Cir.). As we noted in *Miller v. Miller,* 423 F.2d at 147:

"Although each action may be labeled as in personam and although neither court took possession of the land, we have the question of whether the state court has, or in order to grant the relief requested must have, control over the same res which the federal court would have to control in order to grant the relief sought from it. If this is the case, the rationale underlying the rule would require dismissal of the federal action. . . ."

In this action, appellants claim that portions of the proceeds of the bonds were not used by Advance Gas for purposes specified in the trust indenture or lease, and that the venture had no reasonable likelihood of successful operation. Metcalf State Bank had a duty, they urge, to ascertain whether funds advanced to Advance Gas would be used as contemplated by the trust indenture and lease. It is also asserted that Metcalf State Bank did not obtain periodic reports from Advance Gas listing items completed at the facility. The plaintiffs held a total of $185,000 of the bonds. Damages asked from the trustee are $180,000 plus interest on the bonds, costs, and attorney's fees. The damages appear to be approximately the amount paid by plaintiffs for the bonds. The claims and allegations herein advanced relate entirely to the administration of the trust by the defendant trustee, and the performance of its obligations as trustee under the trust instruments. Also money damages are the only relief sought against the trustee. The federal action is thus directed to the perform-

ance of duties by the defendant from the outset of its undertaking, and is especially directed to the disbursement to the lessee, Advance Gas, of the proceeds from the bond sale.

 This federal action must be considered as in personam. It does not depend in any way upon possession or control of the trust assets for its determination or for the granting of any relief. There is thus no interference with the "possession" by the state court. The case of *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285, considers the problem which arises when two in rem actions are pending, and an interference issue surfaces. This is clearly not such a case. See *Harris v. Pollock,* 480 F.2d 42 (10th Cir.), and *Miller v. Miller,* 423 F.2d 145 (10th Cir.). This court in *Swanson v. Bates,* 170 F.2d 648 (10th Cir.), considered two actions also in Oklahoma, the state proceeding brought under the statute here concerned. The opinion stated that the Oklahoma state court had jurisdiction, and this prevented the federal court from exercising its jurisdiction. The federal action there, however, sought to remove the trustee, to construe the will creating the trust, and to fix an amount to be paid certain beneficiaries. Thus the federal action was of an entirely different nature than the one on appeal here, especially as it related to the removal of the trustee. It appears that the Oklahoma Statutes seek to make "the trust" the res, and this is entirely effective as to the Oklahoma courts. However, in this appeal, the nature of federal action must be examined under general standards. It does not depend for its existence upon the above cited state statute. *Erie v. Tompkins* does not require the federal court to adopt the statutory characterization without question. The statute is really designed to place jurisdiction over the described causes of action in a particular state court. Thus the federal suit here on appeal is by way standard an in personam action. It can proceed against the defendant without interfering with the state suit or with the res of the trust. The record indicates that the matter of breach of duty by the trustee has not been raised in the state suit. The state action is directed to liquidation of the trust estate. The bar of res judicata is not approached as the case now stands. An accounting has been asked for by one intervening party in the state suit, but this does not change the conclusion.

Thus the federal action here appealed can proceed without regard to the pending state liquidation.

The order of dismissal is set aside and the cause is remanded to the trial court for further proceedings.

LEWIS, Chief Judge (dissenting).

I dissent. I find no compelling reason to strain for federal jurisdiction in this case by the severance of an issue which should be much more satisfactorily considered by the state court and is actually there pending in the form of a demand for an accounting by the trustee. There are many controversies potential in the general judicial administration of a trust estate that can with surgical nicety be termed *in personam* but should not be allowed to be splintered off for federal consideration as a vexatious side effect in an essentially *in rem* action. This action is such a case and, if the federal court proceeds, it seems to me an impact upon the trust estate as such must indirectly occur. I do not believe this to be compelled or desirable. This court in *Swanson v. Bates,* 170 F.2d 648, did not there view each claim of plaintiff with technical analysis as to *in rem* purity and established the rule that if the state provided a proper forum with a pending action reaching the same issue that the federal court should not take jurisdiction. I would continue that earlier holding and apply it here.