**STEWART SECURITIES CORPORATION et al., Plaintiffs,**

v.

**GUARANTY TRUST COMPANY, Defendant.**

**Civ. No. 74–1039–D.**

United States District Court, W. D. Oklahoma.

March 1, 1976.

Joel L. Wohlgemuth, Tulsa, Okl., for plaintiffs.

Charles A. Johnson, Ponca City, Okl., William G. Paul, Harry A. Woods, Jr., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiffs allege that they are purchasers of bonds issued by the Claremore Industrial Authority (CIA). Defendant Guaranty Trust is alleged to be Trustee, under an indenture of trust with CIA, for the bond issue. Plaintiffs brought this diversity action to surcharge Guaranty Trust for misfeasance in office while Trustee. Guaranty Trust filed a Motion To Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b), Federal Rules of Civil Procedure. The basis of this Motion was that Guaranty Trust had brought a prior State Court action to administer the trust thus vesting the State Court with prior in rem jurisdiction over the res of this action, the trust. The Court sustained Guaranty Trust's Motion to Dismiss on the basis of *Princess Lida v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). Plaintiffs chose not to appeal the dismissal of their action.

Plaintiffs have now filed a Motion to Vacate Order of Dismissal pursuant to Rule 60(b)(1), Federal Rules of Civil Procedure. Plaintiffs rely on *Southwest. Bank & Tr. Co., etc. v. Metcalf St. Bank,* 525 F.2d 140 (Tenth Cir. 1975) wherein our Court of Appeals found, on facts apparently identical to the facts of this case, that a State Court's prior in rem jurisdiction over the res of a trust in an action to administer a trust did not preclude a subsequent Federal diversity action to surcharge the trustee of that trust. *Southwest., supra,* also involves a CIA bond issue. The only apparent factual differences between *Southwest.* and this case are that a different bond issue, trustee and facility were involved. Otherwise, the operative facts of the two cases appear to be identical.

Rule 60(b), Federal Rules of Civil Procedure reads in part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

\*      \*      \*      \*      \*      \*

(6) any other reason justifying relief from the operation of the judgment."

Rule 60(b)(1) can be used to correct a judicial mistake. Though there is some dispute as to whether this encompass-

**34**

es a fundamental judicial misconception of the law as well as inadvertent judicial oversight, compare *Schildhaus v. Moe,* 335 F.2d 529 (Second Cir. 1964) and *Silk v. Sandoval,* 435 F.2d 1266 (First Cir. 1971), it is well settled that relief may not be granted under Rule 60(b)(1) where the error involved is a fundamental misconception of the law and the appeal time has run. See 11 Federal Practice and Procedure, Wright & Miller, § 2855 n. 27 and cases cited therein. Obviously, a party may not use 60(b)(1) as a belated appeal.[1]

Rule 60(b)(6) gives the court power to vacate a judgment in the interest of justice. However, the power granted by Rule 60(b)(6) is not intended to relieve a party from the consequences of a free, calculated and deliberate choice. A party remains under a duty to take legal steps to protect his interests. A party may not, absent special circumstances, avail himself of this rule to remedy a failure to take an appeal.[2] See 11 Federal Practice and Procedure Wright & Miller, § 2864 n. 26–28 and cases cited therein. In this case there is no showing of a special circumstance which would justify relief under this rule. There is no indication but that Plaintiffs simply chose not to take an appeal. Thus, relief under Rule 60(b)(6) is unavailable. Accordingly, Plaintiffs' Motion to Vacate should be overruled.

---

1. This case does not involve a change in the applicable law as was the case in *Pierce v. Cook & Co., Inc.,* 518 F.2d 720 (Tenth Cir. 1975). The court in *Southwest. Bank & Tr. Co., etc. v. Metcalf St. Bank, supra,* did not purport to change the existing law. It merely announced the existing law. Thus, this is a case of fundamental judicial error not appealed from.

2. In *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950) where relief was sought under Rule 60(b)(1) and (6) it was held:

"Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the Keilbar case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." 340 U.S. at 198, 71 S.Ct. at 211.