George Trout WILCOXSON, Plaintiff,

v.

**SECURITY BANK AND TRUST COM-PANY OF LAWTON, LAWTON, OKLAHOMA, Defendant.**

No. CIV–80–342–D.

United States District Court, W. D. Oklahoma.

July 8, 1980.

James L. Kee, Duncan, Okl., for plaintiff.

Eddie Y. Newcombe, Lawton, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action brought by Plaintiff to recover for Defendant's alleged violation of its fiduciary duty as trustee of the testamentary trust established by one Lula Trout for the benefit of her grandchildren, including Plaintiff. Plaintiff seeks a judgment requiring Defendant to convey to Plaintiff his undivided mineral and com-

mercial property interests remaining in the trust estate; an accounting to be made by Defendant and any money found due Plaintiff to be turned over to him; and certain other relief concerning the administration of the trust estate. It is asserted that this Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss this action for lack of subject matter jurisdiction which is supported by a Brief. Plaintiff has filed a Brief in opposition thereto.

Defendant asserts that this Court lacks subject matter jurisdiction for two reasons: first, the amount in controversy appears on the face of the Complaint to be less than $10,000.00; and second, the claims set forth in the Complaint are within the exclusive jurisdiction of the District Court of Jefferson County, Oklahoma.

■ As to Defendant's first contention, the Complaint clearly states that the "amount in controversy, exclusive of interest and cost, exceeds the sum of $10,000.00 . . . ." This statement is sufficient to correctly allege the jurisdictional amount in diversity actions. *See Carrol v. General Medical Company*, 53 F.R.D. 349 (D.Neb. 1971). Defendant's first ground for dismissal is therefore without merit.

Defendant's second contention is that the Jefferson County District Court has exclusive jurisdiction over the claims set forth in this action under 60 Okl.Stat.1971 § 175.-23(A).[1]

From the record before the Court it appears that the Jefferson County District Court in Case P–72–34 entered an "Order Settling Final Account, Decreeing Distribution of Estate, Determination of Heirship and Discharge of Executor"[2] on December 11, 1974, concerning the trust estate involved herein. In said order the state district court distributed the remaining estate to Defendant as trustee and directed Defendant to administer and distribute the trust estate under the powers and limitations of Lula Trout's Last Will and Testament. The state district court then declared that case to be "finally and completely closed." There is no evidence presently before this Court that the trust estate involved herein is presently pending or part of any pending litigation in any other court, state or federal.[3]

■ As the instant action is in rem or quasi in rem, this Court must have acquired jurisdiction over the trust estate to render a decision. *See generally Princess Lida v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *Swanson v. Bates*, 170 F.2d 648 (Tenth Cir. 1948); *Stewart Securities Corp. v. Guaranty Trust Co.*, 394 F.Supp. 1069 (W.D.Okl.1975). In an action of this kind, as between federal and state courts having concurrent jurisdiction over the subject matter, the court first acquiring jurisdiction has exclusive jurisdiction over the matter. *See Princess Lida v. Thompson, supra; Swanson v. Bates, supra; Stewart Securities Corp. v. Guaranty Trust Co., supra.*

■ In the instant action, the Jefferson County District Court had jurisdiction over the trust estate involved herein, but that case has been finally and completely closed and the trust estate distributed to the De-

---

**1.** 60 Okl.Stat.1971 § 175.23A reads:

A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in rem.

**2.** *In re Estate of Lula Trout*, No. P–72–34 (District Court of Jefferson County, Oklahoma, Dec. 11, 1974).

**3.** A check with the Court Clerk of Jefferson County, Oklahoma reveals that nothing has been filed in Case P–72–34 since the Order of Final Discharge of the Executor was filed on April 16, 1975.

fendant as trustee. As there appears to be no pending case or cases involving said trust estate, there is no bar to this Court acquiring jurisdiction over the trust estate. Therefore, Defendant's second ground for dismissal should be overruled.

Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction should be overruled and Defendant is directed to answer Plaintiff's Complaint within 15 days of this date.