**Edward J. CASSITY; Martin M. Cassity, Jr.; George E. Cassity, individually and as personal representatives of the Estate of Martin M. Cassity, Sr., deceased; and William R. Cassity, Plaintiffs–Appellants,**

v.

**Paul E. PITTS; William V. Wiist; Thomas Dunlap; the Ardmore Institute of Health, Inc., an Oklahoma Corporation, Defendants–Appellees.**

No. 92–7112.

United States Court of Appeals, Tenth Circuit.

June 17, 1993.

---

Submitted on the briefs.*

Douglas C. McBee of Andrews Davis Legg Bixler Milsten & Price, and Delmer L. Stagner, Oklahoma City, OK, for plaintiffs-appellants.

Andrew M. Coats and Wesley C. Fredenburg of Crowe & Dunlevy, Oklahoma City, OK, for defendants-appellees.

Before LOGAN, MOORE and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

The beneficiaries (Beneficiaries) of a trust commenced a civil action against the trustees (Trustees) raising RICO claims and state fraud claims. The district court dismissed the action for lack of subject matter jurisdiction and Beneficiaries appeal. We affirm.

In 1984, Dr. Johnson died leaving a residuary trust, and appellants were the life beneficiaries of this trust. A probate action was commenced in state court as was a separate civil action to reform the trust. Beneficiaries and Trustees ultimately resolved their differences and entered into a written Settlement Agreement. The net effect of this Settlement Agreement was that Trustees conveyed to Beneficiaries substantial assets and Beneficiaries gave a complete release of their interests in the trust and released their claims against Trustees. The state court, in 1987, entered a final order in the trust reformation case disposing of all issues and further retaining jurisdiction. The pertinent provision of the state court decree states:

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

"[The court] retains and continues jurisdiction [of the trust] and the parties hereto for all future constructions of the trust or the duties, obligations and responsibilities of the Trustees."

In 1990, Beneficiaries commenced an action against Trustees attacking their administration of the trust and seeking various trust properties. This action was commenced in the United States Court for the District of Texas based upon diversity jurisdiction. The Texas federal court dismissed this action reasoning it lacked subject matter jurisdiction as follows:

The relief requested by Plaintiffs would, among other things, require that the Court order an accounting of the trusts, interpret the trust indenture, and determine whether the Trustees acted in accordance with the terms of the Trust Indenture. Such functions are in the nature of an in rem proceeding, both in the view of this Court, and·pursuant to 60 Okl.Stat. 1971 § 175.-23A. [Footnote omitted.]

Since this action is in rem or ·quasi in rem, the Court must acquire jurisdiction over the trust estate in order to render a decision which affects the res. *Wilcoxson v. Security Bank and Trust Company of Lawton, Lawton, Oklahoma,* 516 F.Supp. 3, 4 (W.D.Okla.1980) (citing *Princess Lida v. Thompson,* 305 U.S. 456 (1939)). Further, "[A] court's otherwise valid power to take jurisdiction of an in rem action is qualified by the rule that when a court of competent jurisdiction has obtained possession, custody, or control of the disputed res in an *in rem* action, that possession cannot be disturbed by any other court." *Key v. Wise,* 629 F.2d 1049, 1059 (5th Cir.1980) (citations omitted). Thus, a reviewing court is restrained from asserting jurisdiction over any action involving the same property until the initial court's jurisdiction is terminated. 629 F.2d at 1059, (citing *Farmers Loan & Trust Co. v. Lake St. Elevated R. Co.,* 177 U.S. 51 [20 S.Ct. 564, 44 L.Ed. 667] (1900)).

The preceding discussion makes it clear that in order for this Court to assert jurisdiction, the jurisdiction of the state court must be terminated. Because that court has specifically retained jurisdiction over all matters related to the construction and interpretation of the trusts in issue, the Court is of the opinion that it is without jurisdiction to decide Plaintiffs' claim.

In 1991, Beneficiaries filed a claim in state court in the original trust reformation case. In this proceeding, Beneficiaries raised claims of trust invalidity, breach of fiduciary duties by Trustees, embezzlement, and conflicts of interest. The state court granted partial summary judgment in favor of Trustees subject only to Beneficiaries' allegations of misrepresentations. This issue was set for trial on July 6, 1992. The Trustees' counterclaims were also left pending prior to trial; however, Beneficiaries dismissed· their misrepresentation claims in June 1992. The state court continued to exercise jurisdiction and subsequently upheld the validity of the Settlement Agreement and further held Beneficiaries had breached this agreement. The state court also ordered Beneficiaries to pay attorney fees as sanctions and as damages and ruled "this case is over."

The day before Beneficiaries dismissed their remaining state court claims, they filed this civil action seeking relief against Trustees for their administration of the trust and fraud. The claims were predicated upon RICO and a state fraud claim. Beneficiaries also sought a declaration that the trust was void.

Trustees filed a motion to dismiss this action due to a lack of subject matter jurisdiction. The district court, reasoning that any decision it would make would require it to rule on the validity, ownership and administration of the trust, and upon the powers, duties and liabilities of the trustees, decided the state court had jurisdiction and the federal court lacked jurisdiction. Beneficiaries appeal the decision asserting: (1) they have a constitutional right to assert their claims in federal court rather than state court; (2) as the state court was not actively exercising its *in rem* jurisdiction over the trust, the federal court could not refuse jurisdiction; and (3) as the relief sought would not interfere with the state court's power to administer the trust, the district court has jurisdiction.

We review the district courts dismissal for lack of jurisdiction de novo and give no deference to the district court's decision. *Thomas Brooks Chartered v. Burnett*, 920 F.2d 634, 641 (10th Cir.1990).

Under both Oklahoma law and the law of this Circuit, a suit that concerns or determines the ownership, control and administration of a trust and the powers, duties and liabilities of the trustees is either *in rem* or *quasi in rem*. Okla.Stat. tit. 60 § 175.-23(A) (1971); *Buck v. Hales*, 536 F.2d 1330, 1332 (10th Cir.1976). When the same parties are involved in litigation that is *in rem* or *quasi in rem*, the court where the last suit was filed must yield jurisdiction. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 281, 83 L.Ed. 285 (1939).

The relief requested by Beneficiaries would require the trial court to construe the trust and define the duties, obligations and responsibilities of Trustees. Most of the allegations in the complaint make reference to the trust assets or the wrongful acts and representations of Trustees. Thus, to rule on the misfeasance of Trustees would require the court to construe Trustees' duties in light of the trust and the Settlement Agreement upheld by the Carter County Court. In their brief, Beneficiaries contend their damages "are to be measured by what they should have received from the [trust] had the trustees honestly administered it." As the conduct of Trustees and the damages to Beneficiaries must be determined in reference to the trust and Settlement Agreement, this action is in the nature of *in rem* or *quasi in rem* and the district court was without jurisdiction if a competent court had asserted prior jurisdiction. *Princess Lida*, 305 U.S. at 466, 59 S.Ct. at 281. As the Carter County Court exercised jurisdiction over the *res*, the district court correctly concluded it was without jurisdiction to hear Beneficiaries claims.

We reject Beneficiaries' contention that this action is *in personam*. By Oklahoma statute this action is specifically *in rem* or *quasi in rem*. Likewise, under the law of this Circuit this action is *in rem* or *quasi in*

*rem*. *Buck*, 536 F.2d at 1332. Beneficiaries attempt to characterize the complaint as a personal action against Trustees ignores the determinative fact that the trust and Settlement Agreement are the benchmarks by which the conduct of Trustees must be measured. Beneficiaries cite *Southwestern Bank & Trust Co. v. Metcalf State Bank*, 525 F.2d 140 (10th Cir.1975), but this citation is unavailing. In that case the action was *in personam* because there was no prospect for interference with the state proceedings. *Id.* at 143. That is not the case in this action as the claims against the Trustees will require interpretation of the Settlement Agreement approved by the state court. As the Carter County Court has jurisdiction over the trust, the district court does not.

We also reject Beneficiaries argument that the state court was not actively exercising jurisdiction, even if that is in fact part of the rule announced in *Princess Lida*. We need not consider this argument in depth as the state court was actively exercising its jurisdiction over this matter at the time Beneficiaries commenced this suit.

The state court was fully qualified to take jurisdiction of this *in rem* action. The state court assumed its jurisdiction at least five years prior to the commencement of this action and was actively exercising its jurisdiction at least three months after the commencement of this lawsuit. The district court correctly and properly yielded jurisdiction to the state court and determined it lacked subject matter jurisdiction. *Princess Lida*, 305 U.S. at 466, 59 S.Ct. at 281.

Beneficiaries are left with a remedy as a RICO claim may be pursued in state court. *Tafflin v. Levitt*, 493 U.S. 455, 460, 110 S.Ct. 792, 796, 107 L.Ed.2d 887 (1990).

The judgment is **AFFIRMED.**