41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mohamed ZENATI, Plaintiff-Appellant,
v.
Robert F. MORRIS, County Court Judge in Jefferson County,
Defendant-Appellee.
 No. 94-1325.
 United States Court of Appeals, Tenth Circuit.
 Nov. 18, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Senior Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mohamed Zenati, appearing pro se, appeals from the district court's order dismissing his 42 U.S.C., 1983 complaint with prejudice.
 
 
 3
 Zenati filed this action against Honorable Robert F. Morris, Judge of the Jefferson County Court, State of Colorado, alleging that Judge Morris unconstitutionally applied C.R.S. 14-4-101 by improperly issuing an ex parte order on November 17, 1992, depriving Zenati of his property and liberty interests without due process of law and damaging him by the loss of enjoyment of life, loss of earnings and mental pain. Zenati sought money damages, costs and attorney fees and such other relief as the court deems proper, including injunctive relief.
 
 
 4
 Zenati was involved in a domestic abuse case brought by a Ms. Cari MacDonald under the Colorado Domestic Abuse Statute, C.R.S. 14-4-101, et seq. The case was filed in Judge Morris' court.
 
 
 5
 Following pleadings, including the defendant's Motion to Dismiss, the matter was referred to United States Magistrate Judge D.E. Abram who, on April 5, 1994, rendered his Recommendation that Zenati's complaint be dismissed with prejudice. Thereafter, Zenati filed a twenty-page Objection to the magistrate judge's Recommendation. The district court granted the defendant's Motion to Dismiss on July 7, 1994.
 
 
 6
 On appeal, Zenati contends that (1) the district court erred in dismissing his complaint on the ground that it did not provide "any facts to hang his hat on" while accepting only the defendant's version of Jointly Stipulated Statement of Facts and failing to consider Zenati's "allegations as to its construction and validity," (2) the district court erred in requiring him to make a "fallacious claim on the unconstitutionality of the law to obtain the review of its application," and (3) the provisions of 42 U.S.C.1983 must apply to those judges "acting under color of law when they refuse to apply those very same provisions of a statute that were necessary to make that statute constitutional under the Federal Constitution."
 
 
 7
 We review a dismissal of a complaint for lack of jurisdiction de novo, Cassity v. Pitts, 995 F.2d 1009 (10th Cir.1993), and we likewise review a dismissal of a complaint for failure to state a claim de novo. Morgan v. City of Rawlins, 792 F.2d 975 (10th Cir.1986). We accept all of the nonmoving party's factual allegations as true, together with all reasonable inferences to be drawn therefrom. Swanson v. Bixler, 750 F.2d 810 (10th Cir.1984).
 
 
 8
 We affirm for substantially the reasons set forth in the District Court's "Order Regarding Motion to Dismiss" filed July 7, 1994.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470