Henry J. Cianfrani, Petitioner *v.* Commonwealth of Pennsylvania, State Employees Retirement Board, Respondent.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three. Reargued March 3, 1981, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL, WILLIAMS, JR. and PALLADINO.

*Charles M. Golden,* with him *Sharlyn B. Cohen,* for petitioner.

*Ronald W. Andidora,* Assistant Counsel, with him *Michael T. McCarthy,* Chief Counsel, to the Majority Caucus of the Senate of Pennsylvania.

*Susan J. Forney,* Deputy Attorney General, with her *Allen C. Warshaw,* Chief of Civil Litigation, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 18, 1981:

After the publication of our previous decision in this case, reported in 57 Pa. Commonwealth Ct. 135, 417 A.2d 279 (1980), counsel for petitioner presented a petition for reargument pointing out that the stipulation of facts previously submitted to this Court was inaccurate. A new stipulation has been filed stating that petitioner had been a member of the State Employees' Retirement Fund for a period of 16 years prior to October 7, 1975. This being the fact, it is now necessary for this Court to reconsider the matter and decide the issue of whether Section 5953 of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5953, unconstitutionally impairs petitioner's retirement contract. We hold that it does not.

Both the Supreme Court of the United States and the Supreme Court of Pennsylvania have clearly and unmistakably held that " ' "the interdiction of statutes impairing the obligation of contracts does not prevent the state from exercising such powers as . . . are necessary for the general good of the public, though contracts previously entered into between individuals may thereby be affected." ' " *DePaul v. Kauffman,* 441 Pa. 386, 398, 272 A.2d 500, 506 (1971), quoting from *Home Building & Loan Association v. Blaisdell,* 290 U.S. 398, 437 (1934). In *DePaul, supra,* Justice ROBERTS, upholding the constitutionality of the Pennsylvania Rent Withholding Act, Act of January 24, 1966, P.L. (1965) 1534, *as amended,* 35 P.S. §1700-1, discussed this issue at length making it unnecessary to repeat that decision here. Suffice it to say that statutes that are passed by the legislature

that are necessary for the general good of the public are constitutional even if the statute incidentally alters existing contract rights.

Surely no one could seriously doubt that Section 5953 of the Code, passed to effect the recovery of funds owed by a retired employee to the Commonwealth, is necessary for the general good of the public. In this regard it must be noted that Section 5953 of the Code does not work a forfeiture of all petitioner's pension rights but rather merely effects a setoff to the extent that the retired employee is obligated to the Commonwealth.

On reargument, we requested briefing and argument on the question raised in footnote 2 of our original opinion as to whether petitioner's affirmative vote on Section 5953 of the Code when it passed the Senate constituted an assent to its application to him. This has been done and we have considered the question. It is our opinion that Article II, Section 15 of the Pennsylvania Constitution (Speech and Debate Clause) protects petitioner against his affirmative vote being so interpreted. *Consumers Education and Protective Association v. Nolan,* 470 Pa. 372, 368 A.2d 675 (1977).

Accordingly, we will enter the following

### ORDER

AND Now, March 18, 1981, petitioner's motion for summary judgment is denied. Judgment is here entered in favor of respondent State Employees' Retirement Board and against petitioner Henry J. Cianfrani.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH:

I must respectfully dissent to the majority opinion.

In the righteous pursuit of what it perceives to be "necessary for the general good of the public," the majority has transcended the constitutional and conceptual statutory impairment of contract doctrine.

The law in Pennsylvania regarding a public employee's contractual rights in the Retirement Fund is clear and unassailable. "An employe who has complied with all conditions necessary to receive a retirement allowance cannot be affected adversely by subsequent legislation which changes the terms of the retirement contract." *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 431, 141 A.2d 197, 203 (1958). Consequently, when the employee fulfills the obligations and conditions found in the retirement contract, he then possesses "a vested interest in the retirement pay which cannot be destroyed, weakened or departed from by subsequent legislation," *McBride v. Allegheny County Retirement Board,* 330 Pa. 402, 405, 199 A. 130, 132 (1938). Petitioner need only then activate payment by either retiring or terminating service.

In the case before us, petitioner had not only been a member of the State Employees Retirement Fund for a period of some 18 years prior to his termination of service on December 15, 1977, but acquired "vested" rights in the Retirement Fund well before either the Act of March 1, 1974, or the amending Act of October 7, 1975, 71 Pa. C. S. §5953. The majority would have us compare a public employee's vested, executed, contractual pension rights with the landlord-tenant lease arrangement in *DePaul v. Kauffman,* 441 Pa. 386, 272 A.2d 500 (1971), to support a statutory impairment of contract. I can neither see the analogy nor lend support to such an "incidental" unconstitutional interpretation. I do not suggest, nor do I intend to imply, that the Commonwealth in its legitimate pursuit of a determined claim against this

148 

petitioner or anyone else is precluded from prosecution in the appropriate forum. Rather, I perceive Section 5953 as an improper means to a proper end.

Accordingly, I would grant the petitioner's motion for summary judgment.

Judge WILLIAMS, JR., joins in this dissent.