The **CITY OF CHICAGO HEIGHTS, ILLINOIS,** Plaintiff,

v.

**Nick LoBUE, et al.,** Defendants.

No. 92 C 7410.

United States District Court, N.D. Illinois, E.D.

Jan. 7, 1994.

.Anthony Gael Scariano, Lawrence Jay Weiner, Justino D. Petrarca, Scariano, Kula, Ellch & Himes, Chtd., Chicago, IL, David P. Kula, Raymond A. Hauser, Scariano, Kula, Ellch & Himes Chtd., Chicago Heights, IL, for plaintiff.

Michael D. Monico, Monico, Pavich & Spevack, Chicago, IL, for Nick Lobue.

Peter Andrew Regulski, Onesto, Giglio, Meltreger & Associates, Chicago, IL, for John Gliottoni.

Allan A. Ackerman, Allan A. Ackerman, P.C., Adam J. Brenner, Chicago, IL, for Charles Panici.

Raymond G. Wigell, Steven A. Brenner, Raymond G. Wigell, Ltd., Olympia Fields, IL, for Ralph Galderio.

Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Louise Marshall.

John Scott Arthur, Olympia Fields, IL, for Gene Wuest.

Philip C. Parenti, Law Office of Philip C. Parenti, Chicago, IL, for Donald Gipple.

Thomas Day Decker, Thomas D. Decker & Associates, Ltd., Thomas J. Murphy, John F. Fennig, Thomas J. Murphy, P.C., Chicago, IL, for Martin Wondaal.

Robert S. Kramer, Elgin, IL, for Charles Fitzpatrick.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court are the motions of defendants Nick LoBue, Charles Panici, and John Gliottoni, Jr.,[1] to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. LoBue has two motions to dismiss pending—one based on lack of standing and one based on statute of limitations. Panici and Gliottoni have only moved to dismiss on the basis of statute of limitations. For the reasons set forth below, the court denies defendants' motions.

### I. *BACKGROUND*

Plaintiff's complaint, filed November 10, 1992, alleges that from about May 1975 until May 1991, elected officials of the City of Chicago Heights and other individuals and businesses arranged and participated in numerous schemes involving bribery, extortion and kickbacks. The bribery, extortion and kickbacks were made in connection with various contracts between the city and certain businesses to sell water treatment chemicals to the city, haul garbage, operate a landfill, construct improvements to the water distribution system, perform plumbing services, provide a health maintenance organization plan to city employees, and deliver cable television services. Several of the schemes diverted city funds to city officials and other participants.

Plaintiff has filed this civil complaint against those it claims arranged and participated in the schemes, alleging that the bribery, extortion, kickbacks and official misconduct formed a pattern of racketeering activi-

---

1. On November 19, 1993, the court granted Gliottoni's motion to adopt the motions to dismiss the complaint for being outside the statute of limitations of co-defendants LoBue and Panici. Accordingly, the court considers Gliottoni as having a pending motion to dismiss before the court.

ty in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Plaintiff alleges that the activities of defendants repeatedly inflicted serious economic harm on it, because not only were city funds diverted to various defendants, but the funds then were not available for the city otherwise to use.

Plaintiff originally named as defendants 14 persons who allegedly participated in the bribery, extortion and kickback schemes. Among those 14 are Nick LoBue, Charles Panici, and John Gliottoni, Jr., the defendants who bring these motions to dismiss. During times relevant, Panici was the Mayor of Chicago Heights. LoBue was Commissioner of Accounts and Finances for the city, while Gliottoni was the Commissioner of Public Health and Safety. In addition, LoBue owned and ran a business also named as a defendant.

The various alleged schemes occurred over different periods from 1975 to 1991. According to plaintiff's complaint, the last act in which defendant Gliottoni was alleged to be directly involved ended in 1984, and the last act in which defendants LoBue and Panici were alleged to be directly involved ended in 1991. Plaintiff alleges in its complaint that it discovered its injuries caused by defendants' acts on approximately March 25, 1992.

## II. *DISCUSSION*

Defendant LoBue contends that Chicago Heights's complaint should be dismissed on two grounds: that plaintiff lacks standing, and that the alleged actions took place outside the four-year statute of limitations for RICO actions. Defendant Gliottoni adopts in entirety LoBue's motion to dismiss based on the statute of limitations. Defendant Panici adopts LoBue's motion based on the statute of limitations and, almost as an aside, raises a third ground for dismissal: that the court lacks subject matter jurisdiction to proceed with the RICO complaint because a similar lawsuit involving the same parties is pending in the Circuit Court of Cook County, Chancery Division. The court rejects defendants' arguments and denies all the motions to dismiss.

## A. *Standard for Motion to Dismiss*

A Rule 12(b)(6) motion to dismiss for failure to state a claim may be granted if it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must take all well-pleaded facts and allegations as true, and must view them in the light most favorable to the plaintiff. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Plaintiff is entitled to all reasonable inferences that can be drawn from the complaint. *Id.* Defendants have not overcome this heavy burden.

## B. *Standing*

Defendants argue that RICO does not allow municipalities to bring civil actions for treble damages, since only "persons" or "private parties" may bring such actions. This argument ignores the relevant holdings of the Seventh Circuit and this district.

RICO authorizes "[a]ny person" to bring a civil action for treble damages under the statute. 18 U.S.C. § 1964(c). Section 1961(3) defines "person" as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). Common sense dictates that a municipal corporation may hold legal or beneficial interest in property, and thus may be a "person" under this definition. Furthermore, the Seventh Circuit clearly has held that municipalities may bring civil RICO actions.

In *Illinois Department of Revenue v. Phillips,* 771 F.2d 312, 316 (7th Cir.1985), the Seventh Circuit unequivocally held that state governmental units can sue under RICO's civil damages provision. The court noted that RICO itself made no distinction between state governments, consumers, competitors or other victims in determining who qualifies as a person under the Act. *Id.* at 314. The Seventh Circuit similarly held in *Carter v. Berger,* 777 F.2d 1173 (7th Cir.1985), that Cook County, not a group of taxpayers, was the proper party to bring a civil RICO action

against an individual who paid money to employees of the County Board of Appeals in order to obtain lower tax assessments on property of the individual's clients. In *Carter*, the court reasoned that the party that was directly injured, Cook County, was the proper party to bring the civil RICO action. *Id.* at 1176. In the present case, the City of Chicago Heights clearly would be the injured party, since its funds allegedly were used to garner bribes and kickbacks for the defendants. Thus, the city is a proper party to bring this suit.

Defendants argue that *United States v. Bonnano Organized Crime Family*, 879 F.2d 20 (2d Cir.1989), limits a civil RICO action to private plaintiffs. Of course, *Bonnano* is only persuasive authority, and binding authority from the Seventh Circuit is available. Aside from that, even, *Bonnano* held only that RICO was not meant to authorize the *United States* to bring a civil RICO action. The court in that case based its decision on grounds that are wholly inapplicable to municipal corporations and the case at bar. In fact, the *Bonnano* court itself acknowledged that states and their subdivisions have been held to be "persons" under RICO. *Id.* at 25 (citing *Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160 (5th Cir.1984); *Pennsylvania v. Cianfrani*, 600 F.Supp. 1364 (E.D.Pa.1985)).

Accordingly, the City of Chicago Heights has standing to bring this civil action under section 1964(c) of RICO, and LoBue's motion in that regard is denied.

### C. *Statute of Limitations*

Defendants claim that plaintiff's complaint alleges conduct that occurred outside RICO's four-year statute of limitations, and thus should be dismissed. Defendants' arguments belie the law governing the RICO statute of limitations. In addition, even if the court were to accept the dates on which defendants suggest the statute of limitations should have begun to run, those dates put plaintiff's complaint squarely within the statute of limitations.

In their motions to dismiss based on the statute of limitations and memoranda in support of that motion, defendants initially argue that the statute of limitations for each of the wrongs alleged by plaintiff began running at the time each wrong ended. This argument ignores the rule of accrual dictated by the Seventh Circuit and ignores the date on which plaintiff alleges it discovered its injuries.

### 1. *Background Law*

■ The RICO statute does not provide an express statute of limitations for actions brought under its civil enforcement provision. *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 146, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987). However, the Supreme Court grafted on a four-year statute of limitations for civil RICO actions. *Id.* at 156, 107 S.Ct. at 2767. Neither the RICO statute nor Supreme Court interpretation resolves the issue of when a RICO cause of action accrues. However, the Seventh Circuit recently adopted the majority rule in *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1465 (7th Cir.1992), that a civil RICO claim accrues when the plaintiff discovers its injury.[2] In addition, a new cause of action under RICO arises on the occurrence of each separate injury, and a plaintiff must bring a suit to recover for that injury within the limitation period applicable to that injury. *Id.*

### 2. *Application to the Instant Case*

■ Defendants disparage plaintiff's allegation that it discovered its injury on March 25, 1992. Defendants contend that plaintiff should have discovered its injury much earlier. In a motion to dismiss, the court takes all well-pleaded facts and allegations as true. *Ellsworth*, 774 F.2d at 184. This includes allegations of when plaintiff discovered its injuries. In *Federal Insurance Co. v. Parello*, 767 F.Supp. 157, 162

---

**2.** Defendants base their initial argument on the "last predicate act" rule of accrual, according to which the statute of limitations begins to run from the time plaintiff knew or should have known of the last injury or last predicate act that

is part of the pattern of racketeering activity. *McCool*, 972 F.2d at 1464. In *McCool*, the Seventh Circuit rejected this accrual rule in favor of the majority rule. *Id.*

(N.D.Ill.1991), the court held that the complaint at issue was filed within four years of discovery of the illegal conduct. The *Parello* court stated that since the complaint claimed that the plaintiff did not discover the illegal conduct until August 11, 1986, then for purposes of the statute of limitations the action accrued on August 11, 1986. *Id.* This court, too, takes as true plaintiff's claim that it discovered its injuries in March 1992, when a federal grand jury indicted certain defendants. *See* Plaintiff's Response to Defendant LoBue's Motion to Dismiss Complaint For Being Outside the Statute of Limitations at 2. This date clearly is within the four-year statute of limitations.

Even if the court were to accept defendants' suggestions as to the earlier dates on which plaintiff should have discovered its injuries, defendants' argument still fails. First, defendants suggest that plaintiff should have known of its injuries in 1987, when a grand jury investigation of defendant LoBue commenced. Yet, defendants fail to show how the investigation alone should have led plaintiff to discover its injuries before the grand jury returned indictments or acquittals. And, more importantly, the assertion brings the discussion outside of the four corners of the complaint. Second, defendant LoBue attaches to his Reply Memorandum two documents—a June 1989 newspaper article about his indictment for fraud, and the August 1990 grand jury indictment of LoBue and another defendant for criminal RICO violations. Both of these dates are well within four years of November 1992, when plaintiff filed its complaint.

### 3. *Equitable Estoppel and Equitable Tolling*

Defendants also seem to confuse the concept of a "discovery" rule of accrual with the doctrines of equitable estoppel and equitable tolling. Defendants spend most of their time arguing that plaintiff's complaint is time-barred because equitable estoppel or tolling could not apply in this case. However, both doctrines are exceptions to the rule of statute of limitations accrual. "Equitable estoppel" suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing. *Singletary v. Continental Illinois Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir.1993). "Fraudulent concealment" is a subset of equitable estoppel, and arises when the defendant conceals from the plaintiff evidence necessary for the plaintiff to determine that it has a claim. *Id.* at 1241. "Equitable tolling" delays the running of the statute of limitations if despite all due diligence a plaintiff has been "unable to obtain vital information bearing on the existence of" its claim. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). The difference between accrual and estoppel or tolling is clear: the point of accrual is when the statute of limitations normally begins to run, and estoppel or tolling operates to interrupt and postpone that running. *See Singletary*, at 1241.

Defendants claim that equitable tolling or estoppel cannot save plaintiff's complaint from being outside the statute of limitations because plaintiff failed sufficiently to allege that it exercised due diligence in trying to uncover its injuries or that defendants fraudulently concealed the injuries caused by their conduct. The court only need address this argument as an alternative holding since it finds that plaintiff's allegation of when it discovered its injuries puts its complaint within the statute of limitations, even without using equitable tolling or estoppel. However, based on its pleadings, it does appear plaintiff would be able to invoke both doctrines.

The defendants in *Pucci v. Santi*, 711 F.Supp. 916 (N.D.Ill.1989), argued that the plaintiffs there had not pleaded either affirmative acts of concealment or that they acted with due diligence to discover the fraud in that case, and thus that the statute of limitations was not tolled. *Id.* at 929. The court pointed out that the due diligence inquiry was an objective one, and that it did not matter whether a plaintiff actually used due diligence as long as it could not have discovered the fraud if it had. *Id.* (citing *Norris v. Wirtz*, 818 F.2d 1329, 1334 (7th Cir.1986), *cert. denied,* 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987)). The court found that

although the plaintiffs in that case did not establish their own due diligence in their complaint, they did allege that they did not discover the fraud until after the statute of limitations had expired, and that because of the scheme to cover it up could not have discovered it sooner. The court found that these allegations sufficed to plead equitable tolling under federal law, and that the claim could not be dismissed on statute of limitations grounds. *Id.*

Plaintiff in the present case alleges that defendants conspired to conduct the affairs of the City of Chicago Heights through a pattern of racketeering activity, and that as part of the conspiracy defendants misrepresented, concealed and hid the purposes of and acts committed to further the conspiracy. *See* Complaint ¶ 19. Plaintiff's complaint also describes specific acts of defendants that indicate defendants were trying to hide their schemes. For example, when one alleged participant (Albert Tocco) was having difficulty taking $1,800 per month in cash out of his business to give to LoBue and Panici, he asked if LoBue would take a check. LoBue instead proposed that his exterminating company provide additional services to Tocco's company, although the services never were to be performed. Then, Tocco issued a check each month on the account of his company and payable to LoBue's company in the amount of $1,800. LoBue would deposit that check into his company's account and then issue a corresponding check for about $1,800 on his company's account and payable to LoBue, who would then cash it or deposit it, and give half to Panici. These payments were disguised on the books of LoBue's company as commissions. *See* Complaint ¶¶ 70–76.

The court finds that plaintiff sufficiently has pleaded that defendants fraudulently concealed their acts so that plaintiff, even through due diligence, would not have been able to discover its injuries before March 1992. Accordingly, plaintiff would be entitled to invoke both equitable estoppel and equitable tolling.

### D. *Lack of Subject Matter Jurisdiction*

Defendant Panici suggests that this court may lack subject matter jurisdiction to pro-

ceed with the civil RICO complaint because a similar lawsuit involving the same parties is pending in the Circuit Court of Cook County. As support for this claim, defendant cites *Cassity v. Pitts,* 995 F.2d 1009, 1012 (10th Cir.1993), a Tenth Circuit case in which that court affirmed the dismissal of a federal RICO action where a state court action involving identical subject matter was pending. Panici fails to mention that *Cassity* involved very specific trust and property law concepts wholly inapplicable to the case at bar. Furthermore, beyond citing a case, defendant fails to make any other arguments or showing as to why this court has no subject matter jurisdiction. Panici simply tacked one sentence (plus a footnote) to his supporting memorandum alleging lack of subject matter jurisdiction. His further briefing adds little more. This unsupported, bare assertion is insufficient to warrant dismissal of plaintiff's complaint. In short, Panici has provided no detail as to the allegations in the state court case, or why that case precludes this one. On the record before it, the court cannot dismiss based on that Illinois case.

### III. *CONCLUSION*

For the reasons set forth above, the court denies the motions to dismiss the complaint pursuant to Rule 12(b)(6) filed by defendants LoBue, Panici and Gliottoni.